UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**DONNELL GLOVER,**　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　**Petitioner,**　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
**vs.**　　　　　　　　　　　　　　　　) No: 4:13cv2166 HEA
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
**TERRY RUSSELL,**　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　**Respondent.**

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] on October 25, 2013. On January 22, 2014, Defendant filed his Response To Order To Show Cause Why a Writ of Habeas Corpus Should Not be Granted [ Doc. No. 8].

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

**Procedural Background**

Petitioner was charged in State court with tampering in the first degree as a persistent offender. Petitioner proceeded to trial and was found guilty by a jury. Petitioner was sentenced to nine years consecutive to a sentence imposed in an earlier case. Petitioner filed a motion for new trial and challenged the sufficiency of the evidence, the admission of a police list of stolen cars, and the admission of his statements to the police. In his direct appeal he alleged that the trial court plainly erred in overruling a *Batson* objection and denying a motion to dismiss based on an alleged *Brady*/discovery violation.

In his amended post-conviction motion, Petitioner alleged his trial counsel to be ineffective in: failing to preserve the *Batson* claim for appellate review; failing to obtain a police report referenced in the discovery provided to counsel, and, subsequently failing to call Ricky Duvall as a witness; and failing to preserve the discovery violation for appeal. On the appeal of the post-conviction motion ruling he only alleged that trial counsel was ineffective in failing to preserve the *Batson claim* for appeal. The Petitioner is currently within the custody of the Missouri Department of Corrections.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has

been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Default and Failure to Properly Exhaust

A petitioner must first properly exhaust state remedies before presenting a claim in a federal habeas petition. 28 U.S.C. § 2254(b). In order to exhaust state remedies, an offender must fairly present the "substance" of the claim to the state courts. *Anderson v. Harless,* 459 U.S. 4, 6 (1982). The claim which is asserted in federal court must assert the same factual and legal basis as the state court claim. *Flieger v. Delo,* 16 F.3d 878, 885 (8th Cir. 1996); *see also King v. Kemna,* 266 F.3d 816, 821 (8th Cir. banc 2001). To exhaust a claim, the offender must raise the claim on direct appeal or in state post-conviction proceedings, including on post-conviction appeal. *Flieger,* 16 F.3d at 885; *see also Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir. 2006); *Osborne v. Purkett,* 411 F.3d 911, 919 (8th Cir. 2005); *Lowe-Bey v. Groose,* 28 F.3d 816, 818 (8th Cir. 1994).

If a petitioner has not properly exhausted state remedies on a claim and the time for doing so has expired, he has procedurally defaulted that claim. *Welch v. Lund,* 616 F.3d 756, 758 (8th Cir. 2010). In such a circumstance, the federal court should not review the claim unless the petitioner can show "cause and prejudice" excusing that procedural default. *Id.* at 760.

It should be noted that a state court rule permitting a state appellate court to grant discretionary review of claims defaulted in the trial does not preclude the operation of a state procedural bar. *Walker v. Martin,* 131 S. Ct. 1120, 1127-28

(2010). Under Missouri Supreme Court Rule 30.20, Missouri appellate courts have the power to conduct such discretionary review of unpreserved claims for plain error. This type of review does not excuse the default of the claim in the trial court. *Toney v. Gammon,* 79 F.3d 693, 698-99 (8th Cir. 1996) (plain error review by state court does not excuse procedural default). Petitioner did not include the claim of the trial court error in denying the *Batson* claim objection and the motion to dismiss in his motion for new trial. His failure to do so caused these claims to now be defaulted.

The United States Supreme Court has stated, with reference to claims defaulted due to ineffective assistance of appellate counsel, if a petitioner attempts to assert a defaulted claim of trial court error, he may not allege "cause" excusing that default based on ineffective assistance of counsel if he did not assert a claim of ineffective assistance of counsel in state court or has cause to excuse the default of the ineffective assistance of counsel claim. *Edwards v. Carpenter,* 529 U.S. 446, 450-54 (1999); *see also Fields v. Roper,* 448 F.Supp.2d 1113, 1117 (ED Mo. 2006). This same logic would seem to apply to a default due to ineffective assistance of trial counsel.

Petitioner alleged ineffective assistance of trial counsel for both defaulted claims in his amended post-conviction motion, but the record plainly demonstrates he defaulted the claim relating to denial of the motion to dismiss by not including it

6

in the post-conviction appeal. The record also shows Petitioner defaulted any claim related to the failure to review discovery and call Ricky Duvall by not raising this claim on post-conviction appeal. It is elementary that when initial post-conviction counsel has raised a claim in the motion court, ineffective assistance of post-conviction appeal counsel is not cause permitting that claim to be raised in federal court. *Coleman v. Thompson,* 501 U.S. 722, 752-57 (1990); *Arnold v. Dormire,* 675 F.3d 1082, 1087 (8th Cir. 2012).

## The Claims

I. *BATSON* CLAIMS

Petitioner alleges that the trial court plainly erred in denying his *Batson* objection to the State's peremptory strike of Antwuan Petty. Alternatively, he alleges that trial counsel was ineffective for failing to preserve this objection for appeal.

The prosecution, during voir dire, asked whether any venireperson (or a close friend or family member) had ever been arrested. A number of venirepersons including Antwuan Perry, Bich Nguyen, and Angela Hager responded to this question. Several other venirepersons including, Ms. Blissit, Ms. Ward, Ms. Chavez, Ms. Hall, Mr. Creech, Ms. McCloud, Mr. Roberts, Ms. Mitchell, Mr. Veasley, Ms. Goree, Ms. Simpsondean, Ms. West Bruce, Mr. Jones, Mr. Noble,

Ms. Abbie Henderson, and Mr. Krouper, responded. Respondent's Exhibit A, pages 52-54, 56-66.

The State used its peremptory strikes to remove six venirepersons, including Antwuan Perry, from the jury pool and waived its right to strike any venirepersons from the alternate pool. Respondent's Exhibit A, pages 132-33. The remaining strikes were used on Ms. Blissit, Ms. Ward, and Ms. Simpsondean (all three of whom answered both the questions on arrests and whom the State challenged for cause based on the circumstantial evidence questions), Ms. West Bruce (who answered the question on arrests) and Mr. Marian (whom the State challenged for cause based on the circumstantial evidence question). Respondent's Exhibit A, pages 22-36, 52-66, 119-22, 125, 132-33. Petitioner only raised a *Batson* objection to the strike of one venireperson and that was Mr. Perry.

Trial counsel did not include the *Batson* claim in his motion for new trial.

Based on its own observations of Mr. Perry and the prosecutor, the trial court found that the prosecutor was credible as to the reasons for the strike, and that the strike was not the product of a motive to discriminate based on race. The Missouri Court of Appeals summarily denied this claim on direct appeal.

The motion court found that the ineffective assistance claim was without merit.

The Missouri Court of Appeals concluded when the allegation of prejudice is based on the impact on appeal, there is no a valid claim of prejudice.

There are two separate subclaims here – the failure of the trial court to grant the *Batson* objection and the failure of trial counsel to do all that was necessary to preserve the *Batson* objection for review.

1. Ineffective Assistance of Counsel Claim.

As they reviewed the record, the state courts reasonably rejected the claim related to the failure to preserve for review. Since the *Batson* claim was summarily denied on direct review, Petitioner may not assume (as is necessary for this claim) that it was denied solely on procedural grounds rather than on alternative grounds.

Established federal law was reasonably applied in finding that prejudice from the actions of trial counsel may not be based on the impact on appeal. Both the motion court and the Missouri Court of Appeals correctly stated the established federal law governing claims of ineffective assistance of counsel – specifically the law governing claims of prejudice. The Eighth Circuit has previously found that the position taken by Missouri Courts – that prejudice for ineffective assistance of trial counsel may not be based on the impact of trial counsel's actions on the outcome of appeal – is a reasonable application of established federal law. *Kennedy v. Kemna,* 666 F.3d. 472, 485-86 (8th Cir. 2012). Under *Strickland v. Washington,* 466 U.S. 668 (1984), a court performing prejudice analysis assumes

that the decision-maker will follow the law. *Id.* at 694-95. Thus, if there were an adequate record to show that the trial court initially erred in denying the *Batson* objection, the assumption necessarily has to be that the trial court would grant the motion for new trial.

    2. Merits Claim

Where a state court rules summarily on a claim without explanation, a habeas petitioner must demonstrate that there was no reasonable basis for that ruling. *Harrington v. Richter,* 131 S. Ct. 770, 784 (2011); *Williams v. Roper,* 695 F.3d 825, 834 (8th Cir. 2012). Since the Missouri Court of Appeals summarily denied the claim, Petitioner must show that there was no reasonable basis for affirming the trial court's ruling.

When ruling, a *Batson* challenge, a trial court is making a determination on the credibility of the reasons given by the State and the reviewing court should normally defer to that credibility determination in the absence of "exceptional circumstances" showing that the trial court erred. *Snyder v. Louisiana,* 572 U.S. 477 (2008). When those explanations include the demeanor or behavior of the venireperson, the trial court can accept those explanations as true even if the trial court did not observe that behavior. *Thaler v. Haynes,* 559 U.S. 43, 49 (2010).

Here, the trial court noted that it observed the demeanor (hesitation in answering questions) that formed part of the State's explanation for its strike. In

order to demonstrate the error, Petitioner would be required to show other evidence of racial motivation in the selection process. In this endeavor Petitioner has horribly failed.

Of great importance here, is that the State used all of its peremptory challenges on two groups of people – those who responded to the questions on arrest and those who responded to a separate set of questions indicating that they would not be satisfied with circumstantial evidence. The State removed everybody who suggested that they might have a problem with circumstantial evidence – either through a challenge for cause or a peremptory strike, leaving two strikes available, and seven or eight people who had responded to the question on arrests.

Since it is impossible to ascertain the race of any of the individuals who responded to the questions about arrests and circumstantial evidence, it is impossible to determine whether the State was asking different types of questions based on the race of the venireperson. Without knowing the race of any specific venireperson (other than Mr. Perry, Ms. Hager, and Ms. Nguyen), it is not possible to determine the racial composition of the venirepersons who responded to the question on arrest, and thus impossible on direct review. Therefore, it is impossible to assess, without speculation, if the last two strikes can be viewed as targeting African-Americans in disproportionate numbers.

II. *BRADY* CLAIM

The Petitioner asserts the trial court committed plain error by denying his motion to dismiss when Petitioner discovered, in the middle of trial, that the State failed to timely disclose exculpatory evidence.

There are two prongs to this claim. The first centers around whether there was a *Brady* violation and the sanction under federal law if such violation occurred. Secondly, the inquiry arises as to whether there was a State law violation of the rules of discovery and the sanctions available under State law for such violation. If there were violations of State law rules of discovery, then there is no ability or directive that would allow this court to entertain or grant a writ of habeas corpus. 28 USC § 2254; *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010); *see also Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir. 1994) (claim that, under state law, trial court lacked jurisdiction is not a basis for habeas relief).

The record is devoid of any pre-trial complaints about any failure of the prosecution to deliver up discovery to the Petitioner. There was, however, a motion by trial counsel for sanctions against the State for issuing late discovery of exculpatory information. This information related to a burglary at the home of the owner of the stolen vehicle. The discovery suggested that the burglar may have stolen the keys to the auto in question. Trial counsel requested the court dismiss the case as the appropriate sanction. Petitioner did not request a continuance so as to allow further investigation and possibly call the suspect burglar, Mr. Duvall.

12

The trial court denied the request for dismissal, and allowed Petitioner to introduce evidence showing that the car keys likely were taken in the burglary and that Mr. Duvall had been linked to the burglary.

The claim on appeal was summarily denied by the Missouri Court of Appeals.

**Analysis of the Sub-claims**

It is the fundamental imperative of 28 U.S.C. § 2254(d), that this Court must defer to the decision of the state court unless that decision was contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court, or involved an unreasonable determination of facts. When a state court rules summarily on a claim without explanation of the basis for its ruling, a habeas petitioner must demonstrate that there was no reasonable basis for that ruling. *Harrington v. Richter,* 131 S. Ct. 770, 784 (2011); *Williams v. Roper,* 695 F.3d 825, 834 (8th Cir. 2012). Federal law does not require the dismissal of charges based on a *Brady* violation. As such, the State courts did not unreasonably apply *Brady* in declining to dismiss the charges against Petitioner. In addition, the Eighth Circuit has held that there is no *Brady* violation when the material is disclosed before the end of trial. *United States v. Sandoval,* 452 F.3d 984, 990 (8th Cir. 2006). Under such circumstances, the only issue is whether the trial court

abused its discretion in not granting a continuance. *United States v. Dunn,* 723 F.3d 919, 925-27 (8th Cir. 2013).

Petitioner has failed to demonstrate an abuse of discretion or prejudice from the failure to grant a continuance. He was allowed to posit the favorable parts of the evidence that was disclosed late.

The *Brady* claims are denied.

III. FAILURE TO INVESTIGATE

Here, Petitioner alleges that trial counsel was ineffective for failing to review all discovery and call Ricky Duvall as a witness.

Mr. Duvall did testify at the post-conviction hearing. There, he testified that Petitioner was not with him at the time of the burglary and that he did not know how Petitioner got the keys to Mr. Baeir's car. However, the record demonstrates further that Mr. Duvall denied that the car keys were stolen by any of the participants in the burglary.

The record of the state court proceedings show that trial counsel had other evidence that Petitioner was not involved in the burglary and that trial counsel did not think that Duvall would have been able to lend any useful evidence or testimony.

The post-conviction hearing court found that trial counsel had reasonably investigated the case and that the failure to call Mr. Duvall did not alter the

14

outcome of the case since it was not disputed at trial that Petitioner did not personally participate in the burglary or personally steal Mr. Baeir's car.

This court, as has been previously stated, is bound by the parameters of 28 U.S.C. § 2254(d). In reviewing the entirety of the record on this point, the post-conviction hearing court correctly stated the established federal law governing this claim – that Petitioner had to prove both that counsel was incompetent and that such incompetence prejudiced his case. The evidence from the hearing strongly supports that trial counsel would not have done anything differently had he received the report earlier.

The failure to investigate claim is denied.

## Conclusion

Having reviewed the record in its entirety, it is patently clear the Petition for Writ of Habeas Corpus should be, and is, denied.

## Certificate of Appealability

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. §

2253(c). Based on the record, and the law as discussed above, Petitioner has failed to demonstrate that jurists of reason would find it debatable whether the Petition is untimely and the claims are procedurally defaulted. Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of December, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE